[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14304
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00156-JRH-BKE; 1:11-BKC-01047-JSD

In Re: GEORGE CROUSER,

Debtor.

_____

GEORGE CROUSER,

Plaintiff-Appellant,

versus

BAC HOME LOANS SERVICING, LP,
f.k.a. Countrywide Home Loans, L.P.,

Defendant-Appellee,

OFFICE OF THE U.S. TRUSTEE,
HUON LE,
Chapter 13 Trustee,

Trustees-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 2, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

George Crouser appeals a judgment that the proceeds he received in a settlement for a violation of the automatic stay are property of his bankruptcy estate, under Chapter 13 of the Bankruptcy Code. See 11 U.S.C. § 1306(a)(1). After the bankruptcy court confirmed Crouser's plan to repay his creditors, Crouser filed an adversary proceeding against his mortgagor for violating the automatic stay. Crouser and his mortgagor entered a settlement agreement, but the trustee for Crouser's estate argued that the proceeds of the settlement were property of the estate. The bankruptcy court agreed with the trustee, and the district court affirmed. Because the plain text of section 1306(a)(1) establishes that proceeds of a settlement received by the debtor before the closure of his case are property of the estate, we affirm.

As the second court of review, we examine independently the judgment of the bankruptcy court. In re TOUSA, Inc., 680 F.3d 1298, 1310 (11th Cir. 2012). We review de novo the legal conclusions of the bankruptcy court and examine its factual findings for clear error. Id.

The bankruptcy court did not err by including in Crouser's estate the proceeds of a settlement he received from his mortgagor for violating the automatic stay. A debtor's estate under Chapter 13 includes "all [his] legal or

2

equitable interests . . . in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and "all property [in which he has a legal or equitable interest] after the commencement of the case but before the case is closed, dismissed, or converted," id. § 1306(a)(1). The broad scope of "all property" under section 1306(a)(1) includes even causes of action that the debtor acquires after commencement of the estate. See In re Waldron, 536 F.3d 1239, 1241–42 (11th Cir. 2008) (including claims for underinsured motorist benefits that arose after confirmation but before the completion of the debtor's bankruptcy case as property of the estate); see also Carver v. Carver, 954 F.2d 1573, 1577 (11th Cir. 1992) ("[W]hen a debtor files under Chapter 13 of the Bankruptcy Code, the estate also includes property and earnings of the debtor acquired after filing for bankruptcy but before the disposition of the case."). Crouser's cause of action against his mortgagor arose post-petition, and he settled the action before the closure of his bankruptcy case. Under the plain language of section 1306(a)(1), his settlement proceeds are after-acquired property that vested in Crouser's bankruptcy estate.

Crouser argues that the bankruptcy estate is not an "individual" entitled to recover for violations of the automatic stay, see Jove Engineering v. IRS, 92 F.3d 1539, 1552–53 (11th Cir. 1996), but Crouser, not his estate, sued and settled with his mortgagor. When Crouser acquired the proceeds of that settlement, his property vested in the estate, and the trustee was entitled to recover them.

We **AFFIRM** the judgment in favor of the trustee.